**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

PHAROAH AKHENATEN,

                                    Plaintiff,

            v.

CORDOVA CENTER – GEO CARE,
TUA, AND VIE VIE,

                        Defendants.

Case No. 3:25-cv-00151-SLG

## ORDER OF DISMISSAL UPON SCREENING

On July 15, 2025, self-represented federal prisoner Pharoah Akhenaten ("Plaintiff") filed a civil complaint, a civil cover sheet, an application to waive prepayment of the filing fee, a motion for court appointed counsel, and a letter.[1] Plaintiff's Complaint alleges that on April 14, 2025, Plaintiff was transferred from a federal prison to the Cordova Center, a reentry facility reportedly operated by the GEO Group.[2] Plaintiff claims that he received a write up for being under the influence and was placed on house arrest for three weeks.  On June 6, 2025, he received a second write up, also for alleged drug use, which led to Plaintiff's remand from the Cordova Center to the Anchorage Correction Complex East ("ACC-E").[3] Plaintiff claims that he never received copies of the write ups, and so

_____

[1] Dockets 1-4.

[2] Docket 6 at 1.

[3] Docket 1 at 12; Docket 3 at 1.

he did not have the ability to submit a grievance. And he maintains that staff member Tua at the Cordova Center "lied, forged paperwork all to slow, hinder or repress my right [to] better myself before my release." Plaintiff was released from custody in mid-July in 2025 at the end of his criminal sentence.[4] For relief, Plaintiff seeks $250,000 in damages.[5]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction. The Court further finds that allowing leave to file an amended complaint in federal court would be futile.

**SCREENING STANDARD**

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[6] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

---

[4] *See* Docket 1-1 at 1, 3-4.

[5] Docket 1 at 5; Docket 6 at 7.

[6] 28 U.S.C. §§ 1915, 1915A.

Case No. 3:25-cv-00151-SLG, *Akhenaten v. Cordova Center - GEO Care, et al.*
Order of Dismissal Upon Screening
Page 2 of 8

Case 3:25-cv-00151-SLG     Document 10     Filed 12/08/25     Page 2 of 8

(iii) seeks monetary relief against a defendant who is immune from such relief.[7]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[8] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[9] Although generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[10] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[11]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[12]

---

[7] 28 U.S.C. § 1915(e)(2)(B).

[8] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).

[9] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[10] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[11] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[12] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

Case No. 3:25-cv-00151-SLG, *Akhenaten v. Cordova Center - GEO Care, et al.*
Order of Dismissal Upon Screening
Page 3 of 8

Case 3:25-cv-00151-SLG    Document 10    Filed 12/08/25    Page 3 of 8

Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[13]

## DISCUSSION

### I. This action is deficient

To properly commence a civil action, a litigant must file a complaint, a civil cover sheet, and either pay the filing fee of $405.00, or file a completed application to waive prepayment of the filing fee.[14] Plaintiff was still in custody when he signed his application to proceed without prepayment of the filing fee. In the Standing Order issued in this case on July 22, 2025, the Court informed Plaintiff that "within 30 days of his release, [he must] either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11)."[15] To date, Plaintiff has not done so. Accordingly, this action is deficient.

### II. Civil Rights Claims

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or a

---

[13] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[14] Local Civil Rule 3.1.

[15] Docket 8 at 5 ¶ 4.

Case No. 3:25-cv-00151-SLG, *Akhenaten v. Cordova Center - GEO Care, et al.*
Order of Dismissal Upon Screening
Page 4 of 8

Case 3:25-cv-00151-SLG    Document 10    Filed 12/08/25    Page 4 of 8

federal statute.[16] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[17]

Plaintiff brings claims against the Cordova Center and two Cordova Center employees. The Cordova Center is operated by the Geo Group, a private company that provides in-custody treatment programs and reentry services to prisoners before their release back into the community.[18] When a private facility, such as the Cordova Center, houses both state and federal inmates, a court must consider whose legal authority the facility was exercising over the inmate at the time of the alleged violation.[19] A single facility can simultaneously act under federal authority for one person and state authority for another.[20]

A private facility functions as a federal actor when it confines a person pursuant to a Bureau of Prisons Residential Reentry Center contract and exercises authority delegated by federal officials over that individual's custody. The fact that the same facility also houses state prisoners under a separate State of Alaska

---

[16] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[17] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[18] *See* In-Custody Treatment Services, GEO Reentry Services, https://www.geogroup.com/in-custody-treatment-services.

[19] *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1104–05 (9th Cir. 2004). *See also Minneci v. Pollard*, 565 U.S. 118, 125 (2012) (holding that a federal prisoner seeking "damages from privately employed personnel working at a privately operated federal prison" for conduct that "typically falls within the scope of traditional state tort law," . . . "must seek a remedy under state tort law").

[20] *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 939 (1982) (explaining that state-action analysis focuses on the authority under which the defendant acted at the time of the conduct).

Department of Corrections' contract does not transform federal custodial supervision into state action.

At the time of the alleged events giving rise to his claims, Plaintiff was in federal custody and assigned to the Cordova Center under a contract with the federal Bureau of Prisons.[21] Accordingly, Plaintiff cannot maintain Section 1983 claims against the Cordova Center or its employees when he was held under federal law because such claims allege federal, not state, action.

In limited circumstances, a plaintiff may bring a claim for damages against a federal officer under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971).[22] However, a private entity itself, such as the Cordova Center, cannot be held liable under *Bivens,*[23] and *Bivens* has never been applied to an individual who was not directly employed by the federal government. Additionally, *Bivens* claims are limited to the three contexts that the Supreme Court has already recognized, none of which are applicable here.[24] Outside of these

---

[21] Docket 1.

[22] *See also Van Strum v. Lawn,* 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens.").

[23] *Correctional Services Corp. v. Malesko,* 534 U.S. 61 (2001) (declining to apply *Bivens* to private entities acting under color of federal law).

[24] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971) (holding that federal narcotics agents could be sued under the Fourth Amendment for conducting an unlawful warrantless search and arrest); *Davis v. Passman,* 442 U.S. 228 (1979) (applying a damages remedy under the Fifth Amendment to a claim of sex discrimination against a member of Congress); and *Carlson v. Green*, 446 U.S. 14 (1980) (expanding the *Bivens* remedy to allow a federal prisoner's estate to sue federal prison officials for deliberate indifference to serious medical needs under the Eighth Amendment).

Case No. 3:25-cv-00151-SLG, *Akhenaten v. Cordova Center - GEO Care, et al.*
Order of Dismissal Upon Screening
Page 6 of 8

Case 3:25-cv-00151-SLG    Document 10    Filed 12/08/25    Page 6 of 8

established contexts, a court must dismiss Bivens claims unless a "special factors" analysis warrants creating a new cause of action for damages—a standard the Supreme Court has made essentially insurmountable.[25]

Under the Federal Tort Claims Act ("FTCA"), a private individual may bring a claim against the United States for certain torts committed by federal employees.[26] But when a federal prisoner seeks damages from privately employed personnel working at a privately operated facility for federal prisoners, as is the case here, the only available remedy is under state tort law.[27] A federal court may also exercise supplemental jurisdiction over related state law claims that "form part of the same case or controversy" as the federal clams, but a plaintiff must first have a cognizable claim for relief under federal law.[28] Here, Plaintiff has not stated a claim for relief under the U.S. Constitution or a federal statute, so the Court will not exercise supplemental jurisdiction over any state law claims. Plaintiff's state law claims are dismissed without prejudice to refiling in state court.

---

[25] *Ziglar v. Abbasi,* 582 U.S. 120 (2017).

[26] 28 U.S.C. §§ 1346(b), 2401(b), 2671 *et seq. See also Nurse v. United States,* 226 F.3d 996, 1000 (9th Cir. 2000) ("The FTCA provides a limited waiver of the sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment.").

[27] *See Vega v. U.S.*, 881 F.3d 1146, 1153-55 (9th Cir. 2018) (declining to recognize a *Bivens* remedy for a due process claim brought by a federal prisoner against a private contractor operating a drug treatment reentry program because state tort law provided an alternative remedy).

[28] 28 U.S.C. § 1367(a).

Case No. 3:25-cv-00151-SLG, *Akhenaten v. Cordova Center - GEO Care, et al.*
Order of Dismissal Upon Screening
Page 7 of 8

Case 3:25-cv-00151-SLG     Document 10     Filed 12/08/25     Page 7 of 8

Because no additional facts could possibly cure these pleading deficiencies, the Court finds that allowing leave to file an amended complaint in federal court would be futile.[29] Therefore, the Court dismisses the complaint without leave to amend. The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"[30] However, a dismissal for "lack of subject-matter jurisdiction does not count as a strike.[31]

**IT IS THEREFORE ORDERED:**

1.      This case is **DISMISSED** for lack of subject-matter jurisdiction**.**

2.      This dismissal does **not** count as a "strike" under 28 U.S.C. § 1915(g).

3.      All pending motions are **DENIED as moot.**

4.      The Clerk shall issue a final judgment and close this case.

DATED this 8th day of December, 2025, at Anchorage, Alaska.

_/s/ Sharon L. Gleason_
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[29] *Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1041 (9th Cir. 2011).

[30] 28 U.S.C. § 1915(g).

[31] *Spencer v. Barajas,* 140 F.4th 1061, 1066 (9th Cir. 2025) (citing *Moore v. Maricopa Cnty. Sheriff's Off.*, 657 F.3d 890, 893–94 (9th Cir. 2011)).

Case No. 3:25-cv-00151-SLG, *Akhenaten v. Cordova Center - GEO Care, et al.*
Order of Dismissal Upon Screening
Page 8 of 8